IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE CORNELIUS WILLIAMS,

                Petitioner,                      OPINION AND ORDER

v.

                                                17-cv-826-wmc

LOUIS WILLIAMS II, WARDEN,

                Respondent.

---

      Willie Cornelius Williams, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief pursuant to 28 U.S.C. § 2241. In November of 2014 in the Northern District of Iowa, Willie Williams pled guilty to charges of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *United States v. Williams*, Case No. 14-cr-61-LRR, dkt. #118 (N.D. Iowa Nov. 17, 2014). On January 20, 2015, he was sentenced to 200 months of imprisonment. *Id.*, dkt. #144. Williams was sentenced as a career offender pursuant to USSG § 4B1.1 because the district judge determined that Williams had two prior qualifying controlled substance convictions: he had been convicted in 2004 on two occasions for violating 720 ILCS 570/401.

      In his petition before this court, Williams claims that he is entitled to resentencing in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), In particular, he claims that his Illinois drug convictions do not qualify as a controlled substance offense for purposes of § 4B1.1 because the Illinois status includes "controlled

1

substance analog" in its definition, which is broader than the guidelines definition. However, because Williams is not entitled to challenge his guidelines' enhancement through post-conviction relief, his petition will be denied.

OPINION

In *Mathis*, the Supreme Court held that a prior conviction counts as a predicate crime under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), only "if its elements are the same as, or narrower than, those of the generic offense." *Id.* at 2248. In Williams' view, his Illinois drug convictions cannot qualify because the Illinois statute includes the term "controlled substance analog," a phrase that is not explicitly included in the guidelines' definition of a controlled substance.

As an initial matter, courts have generally rejected the notion that the inclusion of the phrase "controlled substance analog" renders 720 ILCS 570/401 broader than the guidelines' definition of controlled substance offense. *See Dixon v. Watson*, No. 17-cv-1337-SLD, 2019 WL 2409577, at *6 (C.D. Ill. June 7, 2019) (finding that the Illinois statute is not overbroad, in part because "controlled substance analogues are also criminalized under federal law") (citations omitted); *Williams v. Williams*, No. 17-cv-515, 2017 WL 5195254, at *2-3 (W.D. Wis. Nov. 9, 2017) (recognizing that the guidelines and Illinois statute define "controlled substance analog" in the same way and thus concluding that the Illinois statute is not broader than the guidelines' definition of controlled substance); *United States v. Smith*, No. 17-cv-324, 2017 WL 5891263, at *10

2

(N.D. Ill. Nov. 28, 2017) (comparing 720 ILCS 570/401 and guidelines' definition of "controlled substance offense" and concluding that the Illinois statute is actually a subset of the guidelines' definition); *Jones v. United States*, No. 13-cv-728, 2016 WL 5724146, at *4 (S.D. Ill. Sept. 30, 2016) (same).

In any event, Williams' claim is foreclosed by circuit precedent. In *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013), however, the court of appeals reaffirmed its previous holding in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant's guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Id*. at 916; *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit").

In this case, Williams challenges the court's application of the sentencing guidelines, but ignores that he was sentenced in 2015, ten years after the Supreme Court held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). Thus, *Hawkins* applies and Williams cannot rely on *Mathis* or other changes in the law to challenge his status as a career offender in a postconviction proceeding. *See also Baker v. Werlich*, 2018 WL 264104, at *2 (S.D. Ill. Jan. 2, 2018) (citing to *Hawkins* in dismissing § 2241 petition where petitioner was sentenced under the advisory guidelines); *Benson v. True*, No. 17-cv-736, 2017 WL 6731864, at *2 (S.D. Ill. Dec. 29, 2017) (same).

Admittedly, the Seventh Circuit's decision in *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016), created some uncertainty as to the reach of *Hawkins*. Specifically, in

3

*Dawkins*, a prisoner tried to bring a successive § 2255 motion to challenge his status as a career offender, relying on the Supreme Court's decision in *Mathis*. The court of appeals declined to authorize a successive motion on the ground that "only new rules of constitutional law, made retroactive by the Supreme Court, can provide a basis for authorization." *Dawkins,* 829 F.3d at 551. Because *Mathis* did not announce a new rule of constitutional law, the court held that a prisoner could not rely on that decision to bring a successive motion under § 2255. Instead, the court concluded that "[a]n independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Id.* Thus, although *Dawkins* could be interpreted as opening the door to a claim like petitioner's, it does not offer relief in these circumstances because the court did not overrule *Hawkins* or undermine its holding. Because *Hawkins* is directly on point, it is controlling and requires dismissal of this petition.

Moreover, although *Hawkins* involved a motion under 28 U.S.C. § 2255, rather than a petition under 28 U.S.C. § 2241, that is not an effective basis to distinguish it. As discussed above, the court of appeal's ruling is not limited to § 2255 motions, but applies to all "postconviction relief." Further, the court reasoned in *Hawkins* that a prisoner could not challenge a sentencing guideline error in a § 2255 motion because such an error was not a "miscarriage of justice" in light of the fact that the guidelines do not affect the statutory maximum, so the sentencing court would be entitled to impose the same sentence even if the case were remanded. *Hawkins*, 706 F.3d at 825. Because a petitioner seeking relief under § 2241 must also show that denying relief would result in a "miscarriage of

4

justice," *e.g., Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), the reasoning in *Hawkins* applies equally to a § 2241 petition.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). While *Dawkins* arguably creates some ambiguity, Williams' claim under *Mathis* lacks merit because the definition of "controlled substance offense" under 720 ILCS 570/401 is not broader than the guidelines' definition of controlled substance offense. Accordingly, the court will not issue petitioner a certificate of appealability.

## ORDER

IT IS ORDERED that:

(1) Petitioner Willie Williams' application under 28 U.S.C. § 2241 is DENIED.

(2) A certificate of appealability will not issue.

Entered this 3rd day of November, 2021.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge